CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 17 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM CARSON WILES, | ) | |
| Petitioner, | ) | Civil Action No. 7:07-cv-00402 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JEFFREY N. DILLMAN, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

William Carson Wiles brings this 28 U.S.C. § 2254 habeas petition challenging his second-degree murder conviction in the Circuit Court of Pittsylvania County. Wiles raises a host of constitutional claims. The Virginia courts found that Wiles procedurally defaulted one of those claims and rejected the remainder of his claims on the merits. The court finds that the procedural default is un-excused and that the Supreme Court of Virginia's rejection of the remaining claims was not contrary to, or an unreasonable application of, clearly established federal law, and it was not based on an unreasonable determination of the facts. Therefore, the court grants respondent's motion to dismiss.

I.

On September 24, 2002, a jury in the Circuit Court of Pittsylvania County found Wiles guilty of the second-degree murder of his younger brother, Randall Scott Wiles. The court sentenced Wiles to 23 years imprisonment. Wiles appealed to the Court of Appeals of Virginia, and that court dismissed his appeal because it was untimely. Wiles did not appeal that dismissal to the Supreme Court of Virginia, but later filed a habeas petition there seeking a belated appeal and also raising some of the same issues he raises in his instant petition. The Supreme Court of Virginia granted Wiles leave to file a belated appeal to the Court of Appeals and dismissed his remaining claims

without prejudice.

Wiles then directly appealed his conviction to the Court of Appeals of Virginia, contending (1) that the evidence at trial was insufficient to support his conviction, and (2) that the trial court erred in not granting a new trial based on the Commonwealth's failure to disclose exculpatory evidence. The Court of Appeals of Virginia found that the evidence was sufficient and that there was no showing that the Commonwealth ever possessed or suppressed the alleged exculpatory evidence. A three-judge panel denied his petition for rehearing, and the Supreme Court of Virginia refused Wiles' petition for appeal on May 5, 2006.

Wiles then filed a state habeas petition in the Circuit Court of Pittsylvania County raising the claims he raises in his instant petition. The Circuit Court dismissed his petition, finding that his claims were procedurally defaulted, not cognizable because they were repetitious of his arguments on direct appeal, or failed on the merits. Wiles appealed to the Supreme Court of Virginia, which found no reversible error and refused his petition on July 25, 2007.

Thereafter, Wiles filed his current federal habeas petition raising the following claims: (a) counsel were ineffective because they failed to offer any defense or call any witnesses during the guilt phase of trial; (b) counsel were ineffective because they failed to order further DNA testing of certain blood samples; (c) counsels' failure to offer alternative theories of the murder deprived him of due process and equal protection; (d) counsels' failure to inform the jury of the conflicting statements of certain witnesses denied him due process; (e) a Pittsylvania County Sheriff's Department investigator violated his rights to due process and equal protection by instructing a forensic scientist to halt further testing on three blood-stained items; (f) counsel were ineffective because they failed to obtain telephone records that Wiles claims would have discredited prosecution

witnesses; (g) the Commonwealth violated his rights to due process and equal protection by withholding exculpatory evidence that could have aided the cross-examination of a prosecution witness; (h) the trial court's denial of Wiles' motion for a new trial (which was based on the failure to disclose the exculpatory evidence noted in (g)) violated Wiles' rights to due process and equal protection; (i) the trial court's denial of Wiles' motion to strike the evidence as insufficient violated Wiles' rights to due process and equal protection; and (j) the trial court's denial of Wiles' motion to set aside the jury verdict as against the law and evidence violated Wiles' rights to due process and equal protection.

## II.

Wiles claims that he was denied due process and equal protection when a Pittsylvania Sheriff's Department investigator instructed a forensic scientist to halt any further tests on certain blood-stained items (claim (e)). The Circuit Court of Pittsylvania County dismissed this claim as procedurally defaulted under Slayton v. Parrigan, 205 S.E.2d 680 (1974), because Wiles could, but failed to, raise the claim at trial and on direct appeal, and the Supreme Court of Virginia rejected Wiles' appeal. This court finds that Slayton is an independent and adequate state procedural rule which bars federal habeas review unless a showing of cause and prejudice or a miscarriage of justice excuses the procedural default. Because Wiles offers nothing to excuse the default, the court dismisses the claim.

A claim is defaulted where the state court expressly finds that review is barred by an independent and adequate state procedural rule. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998); see also Lambrix v. Singletary, 520 U.S. 518, 523 (1997). Whether a rule is independent and adequate is a question of federal law. Henry v. Mississippi, 379 U.S. 443, 447 (1965). "A state

3

procedural rule is adequate if it is regularly or consistently applied by the state courts, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and it is independent if it does not depend on a federal constitutional ruling, Ake v. Oklahoma, 470 U.S. 68, 75 (1985)." McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007). Therefore, a violation of "firmly established and regularly followed state rules" is adequate to foreclose review. Lee v. Kemna, 534 U.S. 362, 375 (2002). The Fourth Circuit has recognized Slayton as an independent and adequate procedural rule that renders the claim procedurally defaulted in this court. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006); see also Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998); Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997), cert. denied, 522 U.S. 978 (1997); Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996), cert. denied, 519 U.S. 1002 (1996); Spencer v. Murray, 18 F.3d 229, 232 (4th Cir. 1994).

However, a state prisoner can obtain federal habeas review of a procedurally defaulted claim if he shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if he can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Id. at 496. In this case, Wiles offers nothing to excuse his procedural default. Accordingly, the court dismisses this claim (claim(e)).

4

Case 7:07-cv-00402-SGW-mfu   Document 12   Filed 07/17/08   Page 4 of 15   Pageid#: 291

## III.

This court may not grant relief on any claim that the state courts have adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000).[1]

In refusing Wiles' petitions for appeal, both on direct and habeas review, the Supreme Court of Virginia, in effect, adjudicated all of Wiles' remaining claims on the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Thomas v. Davis, 192 F.3d 445, 453 n.6 (4th Cir. 1999). These adjudications were not contrary to, or an unreasonable application of, clearly established federal law, and were not based on an unreasonable determination of the facts. Therefore, the court dismisses all of Wiles' remaining claims.

---

[1] Wiles' petition is governed by 28 U.S.C. § 2254 and chapter 154 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §§ 2261-66. In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). When reviewing a claim adjudicated on the merits by a state court - as most of Wiles' claims have been - a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §§ 2254(d)(1), (d)(2). A state court adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. Id. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

## A.
### *Sufficiency of the Evidence Claim*

Wiles asserts that the trial court violated his rights to due process and equal protection in denying his motion to strike the evidence as insufficient (claim (i)).[2] The Court of Appeals of Virginia adjudicated his sufficiency of the evidence claim and rejected it, finding that there was sufficient evidence to support a finding of guilt beyond a reasonable doubt. This court finds that the state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based an unreasonable determination of the facts. Therefore, the court dismisses the claim.

Federal habeas review of a claim challenging the constitutional sufficiency of the evidence supporting a conviction is limited to determining "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In determining whether the state court reasonably applied this principle, the federal habeas court must determine whether the state court's decision is minimally consistent with the record, Bell v. Jarvis, 236 F.3d 149, 159 (4th Cir. 2000) (en banc), and must give deference to the findings of fact made by both the trial and appellate courts, 28 U.S.C. § 2254(d); Howard v. Moore, 131 F.3d 399, 406 (4th Cir. 1997) (citing Sumner v. Mata, 449 U.S. 539, 546-47 (1981)). The court

---

[2] On state habeas review, the Pittsylvania County Circuit Court found that this claim was repetitious of Wiles' arguments raised on direct appeal and, therefore, was not cognizable on state habeas review under Hawks v. Cox, 175 S.E.2d 271 (Va. 1970) (holding that the court must reject a habeas petition where the claim has previously been decided on the merits). However, this rule does not preclude federal habeas review because the claim was properly raised on direct appeal. Turner v. Williams, 35 F.3d 872, 890 (4th Cir. 1994), *overruled on other grounds by* O'Dell v. Netherland, 95 F.3d 1214 (4th Cir. 1996).

6

does not weigh the evidence or consider the credibility of witnesses. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

In addressing the sufficiency of the evidence, the Court of Appeals of Virginia found that the

> evidence demonstrated [the victim] was strangled to death. [Wiles'] DNA was located in a blood stain on the jacket [the victim] was seen wearing shortly before his death. The postmortem scratches on the victim's body indicated he was dragged, unclothed, after his death to the pond. On the night [the victim] was last seen, [Wiles] telephoned [a witness], begging for help and claiming to have done something wrong. [Wiles] exhibited scratches on his person following the night of [the victim's] disappearance. The evidence reveals [the victim] was beaten prior to his death by strangulation, suggesting [Wiles] argued with his victim.

These findings, which are amply supported by the record, disclose that Wiles' sufficiency of the evidence claim is meritless. Accordingly, the court dismisses this claim (claim (i)).

**B.**

*Exculpatory Evidence Claims*

Wiles also claims that the Commonwealth failed to disclose exculpatory evidence (claim (g)), and that the trial court violated his rights to due process and equal protection in denying his motions for a new trial and to set aside the verdict based on that ground (claims (h) and (j)).[3,4] The Court of Appeals of Virginia found that the Commonwealth did not withhold exculpatory evidence and,

---

[3] Like Wiles' sufficiency of the evidence claim, on state habeas review, the Pittsylvania County Circuit Court found that these claims were repetitious of Wiles' claims raised on direct appeal and, therefore, were not cognizable on state habeas review under the rule of Hawks v. Cox, 175 S.E.2d 271 (Va. 1970). However, as previously noted, this rule does not preclude federal habeas review because these claims were properly raised on direct appeal. Turner, 35 F.3d at 890.

[4] In his supporting brief, Wiles treats claim (j) as a claim related to sufficiency of the evidence. However, the motion to set aside the jury verdict dealt only with the exculpatory evidence claim. Therefore, the court will consider claim (j) along with the other exculpatory evidence claims. The court notes, however, that its ultimate disposition would not change if claim (j) were considered along with claim (i), as a claim relating to sufficiency of the evidence.

therefore, that Wiles' claims premised on that allegation also failed. This court finds that the state court's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law, and that it did not result in a decision based on an unreasonable determination of the facts. Accordingly, the court dismisses these three claims.

The alleged exculpatory evidence at issue is a newspaper article. At trial, prosecution witness Thomas Lee Scarce testified that Wiles called his home at approximately 1:30 AM on March 6, 2002, the night of Randall Wiles' death, and stated that he needed some help "real bad" and had "done fu--ed up [sic]." Thomas also testified that, before hanging up the telephone, Wiles asked him not to tell anyone about the call. Prosecution witness Belinda Scarce, Thomas' wife, testified that moments after the first telephone call, Wiles called again and she answered the call. Belinda testified that Wiles asked to speak to Thomas and when she refused to let him, Wiles asked her tell Thomas not to tell anyone that Wiles had called. According to Belinda's statement given to a police investigator, the next morning, Belinda talked with her husband about the telephone calls and, later, her sister-in-law told her about a newspaper report concerning a woman being robbed in Danville and a suspect description that matched Wiles. Believing that Wiles was responsible for the robbery, Belinda testified at trial that she called a "crime hotline" in Danville to report Wiles' telephone call and behavior. On cross-examination, despite her denial of any improper motive, defense counsel tried to elicit testimony from Belinda that would suggest that she called the hotline in an effort to gain a monetary reward.

After trial, Wiles' counsel learned of a newspaper article in the Danville Register & Bee reporting the Danville robbery and listing the suspect as short and thin, a description that would not match Wiles. Although Wiles' counsel did not learn of the newspaper article until after trial, they

8

raised the issue at Wiles' sentencing hearing. Counsel argued that the newspaper article would have been valuable impeachment material, further calling into question Belinda's true reasons for reporting Wiles to the Danville authorities. Counsel also alleged that the Commonwealth should have known that the suspect description in the newspaper article did not fit that of Wiles because the Commonwealth "would have talked to the dispatcher [who received Belinda's call] and would have talked to the people in Danville." The Commonwealth argued in response that they practiced open file discovery and defense counsel had access to all of the notes from the police department's investigation and interview of Belinda, none of which indicated that Belinda had any knowledge of the apparently contrary suspect description in the Danville Register & Bee article. The trial court found that the Commonwealth was under no obligation to turn to newspaper articles to verify witnesses' reports. Further, the trial court concluded that the newspaper article did not directly apply to Wiles' case, and that Wiles had not sufficiently shown its exculpatory nature. On appeal, the Court of Appeals of Virginia affirmed the trial court's decision, finding that nothing in the record demonstrated that the Commonwealth either possessed or suppressed the article or the underlying information.

A criminal defendant's due process rights are violated when the prosecution fails to disclose favorable evidence that is material to guilt or punishment. See Brady v. Maryland, 373 U.S. 83, 87 (1963). To establish a Brady violation, a defendant must show (1) materially favorable evidence, (2) that was suppressed, willfully or inadvertently, by the Commonwealth, (3) and that resulted in prejudice. Strickler v. Greene, 527 U.S. 263, 281-82 (1999); Lovitt v. True, 403 F.3d 171, 183 (4th Cir. 2005). Evidence is material where there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v.

Bagley, 473 U.S. 667, 682 (1985); Spicer v. Roxbury Correctional Inst., 194 F.3d 547, 559 (4th Cir. 1999).

Nothing in the record remotely suggests that the Commonwealth possessed materially favorable evidence, that it suppressed that evidence either wilfully or inadvertently, or even that Wiles was in any manner prejudiced by not having that evidence. Indeed, it is difficult to conjure up anything exculpatory whatsoever from Belinda Scarce's reported suspicion that Wiles may have been the perpetrator of the unrelated robbery. Under these circumstances, this court finds that the state court's rejection of these claims was not contrary to, or an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts. Therefore, the court dismisses Wiles' claims (claims (g), (h), and (j)).

## C.
### *Ineffective Assistance of Counsel Claims*

Finally, Wiles claims that counsel was ineffective in failing to offer any defense or call any witnesses during the guilt phase of trial (claim (a)); failing to order further DNA testing of certain blood samples (claim (b)); failing to offer alternative theories of the murder (claim (c)); failing to inform the jury of the conflicting statements made by certain individuals to investigators (claim (d)); and failing to obtain telephone records that Wiles claims would have discredited prosecution witnesses (claim (f)). The Circuit Court of Pittsylvania County adjudicated and dismissed all of Wiles' ineffective assistance claims, finding that they failed under both the "performance" and "prejudice" prongs of the two-part test established in Strickland v. Washington, 466 U.S. 668

10

Case 7:07-cv-00402-SGW-mfu    Document 12    Filed 07/17/08    Page 10 of 15    Pageid#: 297

(1984).[5] This court finds that the state court's adjudication of these claims was not based on an unreasonable determination of the facts and did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law. Accordingly, the court dismisses Wiles' ineffective assistance of counsel claims.

In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. Strickland, 466 U.S. at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." Id. at 688. There is a strong presumption that an attorney is acting reasonably. Id. at 688-89. To establish prejudice to his defense, a petitioner must demonstrate that but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694.

In adjudicating Wiles' ineffective assistance claims, the Circuit Court of Pittsylvania County found that the record showed that Wiles' attorneys "diligently investigated" Wiles' case, "were thoroughly prepared for the trial," and "vigorously represented" Wiles at both stages of the trial. With regard to Wiles' claim that counsel was ineffective in failing to offer any defense or call any witnesses (claim (a)), the state court, relying in part on an affidavit of trial counsel, found that counsel "were familiar with the various prospective defense witnesses named in this allegation but

---

[5] In adjudicating these claims, the Circuit Court of Pittsylvania County found that, except to the limited extent Wiles raised claims (a), (b), and (f) in his first state habeas petition, those claims as well as claims (c) and (d) were procedurally defaulted under Va. Code § 8.01-654(B)(2) and Dorsey v. Angelone, 544 S.E.2d 350(2001), because Wiles did not include those claims in his initial state habeas petition. However, the state court also analyzed and dismissed all of these claims on their merits under Strickland v. Washington, 466 U.S. 668 (1984).

11

reasonably chose to forego their testimony."[6] The court also noted that "Wiles determined for himself not to testify in his own behalf or to allow evidence that would have supported a manslaughter defense (thereby increasing the probability that he either would be convicted of murder or acquitted)." Based on its findings, the Circuit Court of Pittsylvania County determined that Wiles' claims failed to satisfy the "performance" prong of Strickland and that "the Commonwealth's evidence was strong and refutes any claim that petitioner was prejudiced by any of counsel's claimed errors. . . ." This court finds that based on the record, including trial counsel's affidavit, the state court reasonably concluded that counsel's "strategy" to not call certain witnesses or to offer a defense did not fall below an objective standard of reasonableness, and did not prejudice Wiles' defense. See Strickland, 466 U.S. at 689 (finding that actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance). Therefore, this court finds that the state court reasonably determined the facts and reasonably applied Strickland, the applicable United states Supreme Court precedent, in dismissing this claim.

Wiles also claims that counsel were ineffective in failing to order further DNA testing on certain blood samples (claim (b)).[7] The items that Wiles refers to are three swabs taken from blood stains found on the wall inside the victim's trailer (Items 13, 14, and 15).[8] The investigator who

---

[6] A presumption of correctness attaches to a state court's factual findings. § 2254(e)(1); see, generally, Young v. Catoe, 205 F.3d 750, 756 n.3 (4th Cir. 2000). The petitioner may rebut the presumption of correctness with clear and convincing evidence. § 2254(e)(1). However, Wiles has offered no evidence to rebut the state court's factual findings. Moreover, the same trial judge who tried Wiles adjudicated his state habeas petition and, therefore, was uniquely situated and undoubtedly in the best position to know if any of counsel's alleged errors actually prejudiced Wiles. Thus, his conclusions about counsel's performance and whether that performance prejudiced Wiles is entitled to considerable deference.

[7] The "further testing" that Wiles complains was not done involved the blood samples being processed through a searchable DNA data bank.

[8] The court notes that other items were also DNA-tested, including a black jacket (Item 7), a pair of blue jeans (Item 8), and a red plaid shirt (Item 28).

12

Case 7:07-cv-00402-SGW-mfu   Document 12   Filed 07/17/08   Page 12 of 15   Pageid#: 299

obtained the swab samples testified that the stains appeared to be old blood, that were "very dark brown" and difficult to get samples from. The forensic scientist who tested the DNA samples testified that she was unable to obtain DNA from one of the swabs (Item 15), but was able to obtain DNA from the other two swabs (Items 13 and 14). She testified that the DNA found on those two items was indicative of a female contributor. However, the results of the DNA testing on those two items were largely inconclusive because the DNA had degraded, which she testified can be caused by the age of the sample and its exposure to environmental factors. The Circuit Court of Pittsylvania County found that "the record shows that defense counsel effectively brought out the aspects of the DNA findings helpful to the defense in their cross-examination of [the] forensic scientist" and that "the DNA evidence was not the decisive part of the Commonwealth's case (thereby rendering any claimed errors by defense counsel as to such evidence less consequential)." Accordingly, the Circuit Court of Pittsylvania County found that Wiles' claim failed to satisfy either prong of Strickland. This court finds that Wiles' assumption that further testing could have been performed on those blood samples is at best speculative, given the forensic scientist's testimony that no DNA could be obtained from one of the items and that the DNA on the other two items had degraded. Moreover, nothing in the record suggests that further testing of the blood samples would have been productive of anything helpful to Wiles' defense. Accordingly, this court finds that the state court reasonably concluded that Wiles did not show that counsel's performance fell below an objective standard of reasonableness, or that it prejudiced Wiles' defense. Therefore, this court finds that the state court reasonably determined the facts and reasonably applied Strickland in dismissing this claim.

Next, Wiles claims that counsel were ineffective in failing to offer alternative theories (claim (c)) and in failing to inform the jury of conflicting statements made by Jennifer Ferguson and David

13

Duffey to Investigator Keith Isom during his investigation (claim (d)). The Circuit Court of Pittsylvania County found that these claims were "overly speculative and conjectural" and, therefore, that they failed to satisfy either prong of Strickland. A review of the record, including transcripts and an affidavit provided by trial counsel, reveals that counsel did present alternative theories, by arguing that Jennifer Ferguson and David Duffey had the means, motive, and opportunity to murder the victim. Further, trial transcripts reveal that Investigator Isom testified, before the jury, that certain parts of statements provided to him by Ferguson and Duffey were false. Accordingly, this court finds that the record belies Wiles' claims. Thus, the state court reasonably concluded that Wiles has not shown that counsel's representation fell below an objective standard of reasonableness, or that it prejudiced Wiles' defense. Therefore, this court finds that the state court reasonably determined the facts and reasonably applied Strickland, the applicable United States Supreme Court precedent, in dismissing these claims.

Finally, Wiles claims that counsel was ineffective in failing to obtain certain telephone records (claim (f)). Wiles claims that the telephone records could have been used to discredit the testimony of Thomas and Belinda Scarce, who both testified that Wiles had called them in the middle of the night after the murder, claiming that he had done something wrong. The Circuit Court of Pittsylvania County determined that Wiles' claim failed to satisfy Strickland because "the trial record shows that defense counsel diligently attempted to obtain the local telephone records to determine whether the testimony of Thomas and Belinda Scarce could be impeached and because petitioner [] made no showing that he was prejudiced with respect to his matter." A review of the record, including trial transcripts and an affidavit by trial counsel, reveals that both counsel and the Commonwealth's Attorney made numerous unsuccessful attempts to obtain the telephone records,

14

Case 7:07-cv-00402-SGW-mfu    Document 12    Filed 07/17/08    Page 14 of 15    Pageid#: 301

which would either corroborate or refute the Scarces' testimony. Further, trial counsel averred that he spoke with a representative of Verizon who told him that the type of historical information that they were trying to obtain, that is local outgoing calls, could not be retrieved. Moreover, it is purely speculative as to whether the telephone records would help, rather than hurt, Wiles' defense. Accordingly, this court finds that the state court reasonably concluded that Wiles has not shown that counsel's representation fell below an objective standard of reasonableness, or that failure to obtain the telephone records prejudiced Wiles' defense. Therefore, this court finds that the state court reasonably determined the facts and reasonably applied Strickland, the applicable United States Supreme Court precedent, in dismissing this claim.

Based on the foregoing, the court dismisses Wiles' ineffective assistance of counsel claims (claims (a), (b), (c), (d), and (f)).

## IV.

For the reasons stated, the court grants respondent's motion to dismiss and dismisses Wiles' § 2254 petition.

ENTER: This 17th day of July, 2008.

_____
United States District Judge